# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BENJAMIN JENKINS,
     Plaintiff

     vs

RICHARD MOYER, et al.,
     Defendants

Case No. 1:08-cv-445

**ORDER**
(Weber, J.)

Plaintiff, an inmate at the London Correctional Institution in London, Ohio, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his rights. On July 31, 2008, following a sua sponte review of the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed plaintiff's complaint against defendant Moyer on the basis of absolute immunity, ordered service of process on the remaining defendants, and ordered the parties to show cause why plaintiff's damages claims against defendants Wilmington Police Officers Pamela Whalen and Shari Hall, and Walmart Security Officers Dianna F. Foxx and Rocky R. Patterson should not be stayed pending resolution of plaintiff's underlying criminal case in state court. (Doc. 4). This matter is before the Court on plaintiff's response to the show cause order (Doc. 30), defendants Hall and Whalen's response to the show cause order (Doc. 19), defendants Foxx and Patterson's motion to dismiss (Doc. 27), plaintiff's motions to amend the complaint and for appointment of counsel, for transcript of proceedings, and for leave to issue subpoenas for production of videotapes (Docs. 7, 10, 12, 25, 33), and defendants' motion to strike plaintiff's amended complaints. (Doc. 20).

Plaintiff filed his original complaint pro se against Clinton County Municipal Court Assistant Prosecutor Richard Moyer, Wilmington Police Officers Pamela Whalen and Shari Hall, and Walmart Security Officers Dianna F. Foxx and Rocky R. Patterson. (Doc. 3). He alleges that on May 14, 2008, he was arrested for theft of a television set from the Walmart store in Wilmington, Ohio. He was denied bond. The following day, plaintiff was charged with forgery and falsification upon the discovery of an alias identity, Ruben Morgan. Plaintiff states that when defendant Moyer learned plaintiff's true identity, *i.e.,* Benjamin Jenkins, he dismissed the forgery and falsification charges. Nevertheless, on May 29, 2008, Moyer obtained a felony theft indictment against plaintiff under the name Ruben Morgan. Plaintiff states he refused a plea deal because he "committed no crime." Plaintiff alleges there is "no concrete proof of a crime being committed." Plaintiff seeks $750,000 for "violating the 14th [and] 8th Amend. Unlawful imprisonment, cruel and unusual punishment life liberty and due process of law." (Doc. 3 at 6).

The Court ordered the parties to show cause why the case should not be stayed pending resolution of the state court criminal charges against plaintiff. (Doc. 4). As explained in the Court's July 31, 2008 order, the Supreme Court's ruling in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), which requires a criminal defendant to show the invalidity of his conviction before seeking relief under 42 U.S.C. § 1983 for claims calling into question the validity of that conviction, is not to be extended to the pre-conviction arena. *See Wallace v. Kato,* 127 S.Ct. 1091, 1098 (2007) (abrogating *Shamaeizadeh v. Cunigan,* 182 F.3d 391 (6th Cir.), *cert. denied,* 528 U.S. 1021 (1999)). *See Fox v. DeSoto,* 489 F.3d 227, 233 (6th Cir. 2007). The Supreme

2

Court stated that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 1097-98 (quoting *Heck,* 512 U.S. at 486-87). The Supreme Court rejected the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Id.* at 1098 (emphasis in the original). The *Wallace* Court held that *Heck* did not create a blanket rule that all § 1983 claims are not cognizable until dismissal or resolution of criminal charges. *Id.* at 1097. Under pre-conviction circumstances, a stay of proceedings, and not dismissal under *Heck*, is appropriate. *Id.* at 1098.

At the time plaintiff filed his original complaint, he was a pretrial detainee and had not been convicted of the pending criminal charges. Thus, *Heck* did not apply to bar plaintiff's Section 1983 action. *Id. See also Eidson v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 639 (6th Cir. 2007).

Subsequent to the filing of the original complaint, however, plaintiff was convicted of theft in violation of Ohio Rev. Code § 2913.02(A)(1). (Doc. 27, Exh. A). On August 13, 2008, plaintiff was found guilty after a jury trial and sentenced to a term of imprisonment of eleven months. (*Id.; see also* Doc. 19, attachments). Since plaintiff has been convicted, *Heck* requires dismissal of plaintiff's complaint. As the Supreme Court explained in *Wallace*:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . . *If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal.* . . .

*Id.* at 1098 (internal citations omitted) (emphasis added).

3

Plaintiff's original complaint alleges that he was falsely accused of theft by the remaining defendants and falsely imprisoned as a result. Liberally construed, plaintiff's complaint attacks the sufficiency of the evidence upon which his conviction is based and the imprisonment resulting from his conviction. Both claims, if successful in the instant Section 1983 action, would imply the invalidity of his state court theft conviction and resulting imprisonment. When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction is invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Because plaintiff has not alleged facts indicating that his conviction and resulting confinement have been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with his damages claims in this § 1983 action.[1] Accordingly, defendants Foxx and Patterson's motion to dismiss (Doc. 27) is **GRANTED**. Plaintiff's complaint is sua sponte **DISMISSED** against defendants Hall and Whalen. 28 U.S.C. § 1915(e)(2)(B).

The Court has reviewed plaintiff's motions to amend the complaint and "amended complaints" filed without leave of court. These documents re-allege facts contesting the validity of the theft charge and add a claim for a violation of double jeopardy. If successful, the claims alleged in the "amended complaints" and proposed amended complaints would imply the

---

[1]Plaintiff has recently filed a notice of appeal and motion for post-conviction relief in the state courts. See Doc. 32, attachments.

4

invalidity of plaintiff's conviction and imprisonment and would still be subject to the *Heck* bar. Therefore, plaintiff's motions to amend the complaint (Docs. 10, 25) are **DENIED** since permitting an amendment of the complaint in this matter would be futile. See *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir. 1994).

In view of the above rulings, plaintiff's motions for appointment of counsel, for transcript of proceedings, and for leave to issue subpoenas for production of videotapes (Docs. 7, 12, 33), and defendants' motion to strike plaintiff's amended complaints (Doc. 20) are **DENIED** as moot.

This matter shall be closed on the docket of the Court.

**IT IS SO ORDERED.**

Date: 10/08/08

_____
Herman J. Weber, Senior Judge
United States District Court

5